# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ANGELO TAYLOR,<br><br>        Defendant. | Case No. 2:18-cr-00321-JAD-NJK<br><br>REPORT AND RECOMMENDATION<br><br>(Docket No. 26) |

This matter was referred to the undersigned Magistrate Judge on Defendant Angelo Taylor's motion to dismiss indictment. Docket No. 26. The Court has considered Defendant's motion and the United States' response. Docket Nos. 26, 30. No reply is needed.

On October 10, 2018, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Docket No. 1. The charge alleges that Defendant knowingly possessed a firearm after having been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically "Theft, in Jackson County Circuit Court for Kansas City, MO on or about November 24, 2009; and Possession of a Controlled Substance, in Jackson County Circuit Court for Kansas City, MO on or about November 24, 2009[.]" *Id*. at 1.

On March 29, 2019, Defendant filed the instant motion to dismiss the indictment. Docket No. 26. Defendant submits that the convictions alleged in the indictment "cannot serve as 18 U.S.C. § 922(g)(1) predicate convictions." *Id*. at 2. Specifically, Defendant submits, the two

crimes alleged in the indictment were disposed of as suspended imposition of sentences under Missouri law. *Id*. at 3. Under Missouri law, Defendant submits, an "offender on a suspended imposition of sentence who successfully completes probation" has not been convicted of that criminal offense. *Id*. As a result, Defendant submits, he is not a convicted felon under Missouri law. *Id*. at 4. Defendant therefore asks the Court to dismiss the indictment against him. *Id*.

On April 10, 2019, a federal grand jury sitting in Las Vegas, Nevada issued a superseding criminal indictment charging Defendant with one count of prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2). Docket No. 27. The charge alleges that Defendant knowingly possessed a firearm after having been convicted of a misdemeanor crime of domestic violence, specifically "Domestic Battery (1st) in North Las Vegas Municipal Court for North Las Vegas, NV on or about December 10, 2015[.]" *Id*. at 1-2.

In response to Defendant's motion to dismiss the original indictment against him, the United States submits that the superseding indictment renders Defendant's motion to dismiss moot. Docket No. 30 at 1. The Court agrees.

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss the indictment, Docket No. 26, be **DENIED** as moot.

DATED: April 11, 2019.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

2

## <u>NOTICE</u>

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).