# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>ANGELO TAYLOR,<br><br>        Defendant. | Case No. 2:18-cr-00321-JAD-NJK<br><br>ORDER AND<br>REPORT AND RECOMMENDATION<br><br>(Docket No. 38) |

This matter was referred to the undersigned Magistrate Judge on Defendant Angelo Taylor's motion to suppress evidence. Docket No. 38. The Court has considered Defendant's motion, Defendant's separately filed exhibit, the United States' response and exhibits, Defendant's reply, Defendant's supplemental brief, and the United States' supplemental brief. Docket Nos. 38, 39, 43, 45, 52, 53.

## I. <u>BACKGROUND</u>

On June 30, 2018, Nevada State Judge Eric Goodman issued a telephonic search warrant permitting police to search Defendant's residence for firearms and related evidence based on facts provided telephonically by Las Vegas Metropolitan Police Department ("LVMPD") Officer Aaron Jenkins in an oral affidavit. Docket No 38 at 2-3. Officer Jenkins attested that he was investigating Defendant for the crime of felon in possession of a firearm and asserted that the following facts

established probable cause for the issuance of a search warrant: Dorothea Hill, Defendant's mother-in-law, reported to police that, on June 30, 2018, Defendant threatened to "shoot it out" with police if they were called; Defendant said he would kill his family and himself via "suicide by cop;" and Defendant was sitting inside his residence monitoring his surveillance cameras. Docket No. 38-1 at 5.[1] Further, Defendant's wife, Deriyonne Taylor, reported to police that Defendant pointed a gun at her head in April 2018; Defendant's son, K.E. [*sic*], told police that he saw Defendant with a black Taurus 9mm gun "a week ago," that Defendant keeps the gun in a dresser in his closet, and that Defendant carries the gun in his waistband when he leaves the house; Defendant's daughter, D.S., reported to police that Defendant had pointed a gun at her mother two months earlier and threatened to kill her if she left him, and that she saw the handle of a gun in Defendant's waistband on June 30, 2018. *Id.* at 5-6. Further, the affidavit states that Defendant was convicted of two felonies in 2009 in Kansas City, Missouri. *Id.* at 6.

After hearing Officer Jenkins' recitation of the facts, Judge Goodman found that probable cause existed and issued the search warrant with a nighttime clause. *Id.* During the execution of the search warrant, law enforcement officers recovered a Taurus 9mm handgun and 9mm ammunition from Defendant's residence. Docket No. 38 at 3.

On October 10, 2018, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket No. 1. On March 29, 2019, Defendant filed a motion to dismiss the indictment because the Missouri offenses could not serve as predicate offenses. *See* Docket No. 26.

---

[1] The Court cites to the CM/ECF pagination, which at times differs from the parties' pagination.

Defendant's National Crime Information Center ("NCIC") report on which Officer Jenkins and the government relied lists two felonies in Kansas City, Missouri, each with a disposition of "GUILTY – SIS." Docket 38-4 at 5-6. Under Missouri law, "SIS" is a designation for "suspended imposition of sentence," and a criminal conviction is not recorded if an offender on an SIS successfully completes probation. Docket No. 38 at 8. Defendant successfully completed probation for the felonies listed on his rap sheet. *Id.* Nevada does not have a comparable disposition for cases. *Id.* at 7. Officer Jenkins' affidavit did not mention "SIS." *See* Docket 38-1.

On April 10, 2019, the federal grand jury issued a superseding indictment charging Defendant with Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Docket No. 27. Defendant submits that the superseding indictment was sought in response to his argument that he is not a felon under the applicable statute. Docket No. 38 at 3. Defendant, citing *Franks v. Delaware*, now asks for a *Franks* hearing and the suppression of the evidence recovered as a result of the execution of the search warrant at his residence. *Id.* at 1, 11.

**II.     LEGAL STANDARDS**

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court addressed at length whether a false statement by a government affiant invalidates a search warrant. *United States v. Hammett*, 236 F.3d 1054, 1058 (9th Cir. 2001) (citation omitted). The Court held that, under certain circumstances, a defendant is entitled to an evidentiary hearing to afford the defendant an opportunity to attack the veracity of a facially-valid affidavit used to support a search warrant. A defendant can challenge a facially valid affidavit by making a substantial preliminary showing that "(1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false

3

information." *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) (citing *United States v. Stanert,* 762 F.2d 775, 780-81 (9th Cir. 1985)).

Before a criminal defendant is entitled to go beneath the search warrant to obtain additional information concerning the police investigation and an informant, he or she is required to make a substantial threshold showing. A defendant's preliminary showing cannot be "merely conclusory." *Reeves*, 210 F.3d at 1044. "There must be allegations of deliberate falsehood or reckless disregard for the truth, and these allegations must be accompanied by an offer of proof." *Hammett*, 236 F.3d at 1058 (*quoting Franks*, 438 U.S. at 171). "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). The movant bears the burden of proof and must make a substantial showing to support both elements. *See United States v. Garcia–Cruz*, 978 F.2d 537, 540 (9th Cir.1992).

Intentional or reckless omissions may provide grounds for a *Franks* hearing. *United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007)); *see also United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) ("By reporting less than the total story, an affiant can manipulate the inferences a magistrate [judge] will draw. To allow a magistrate [judge] to be misled in such a manner could denude the probable cause requirement of all real meaning"). Although "[c]lear proof of deliberate or reckless omission is not required," a "[d]efendant 'must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reason for omitting facts in order to prove a deliberate falsehood or reckless disregard." *United States v. Souffront*, 338 F.3d 809, 822-23 (7th Cir. 2003). A defendant must also show that the "affidavit, once corrected and supplemented," would not "provide ... a substantial basis for concluding that probable cause

4

existed." *Stanert*, 762 F.2d at 782. "[T]he omission rule does not require an affiant to provide general information about every possible theory, no matter how unlikely, that would controvert the affiant's good-faith belief that probable cause existed for the search." *Craighead* 539 F.3d at 1081.

### III. <u>ANALYSIS</u>

Defendant submits that he is entitled to a *Franks* hearing because the affiant's testimony, cured of recklessly false statements and misleading omissions, cannot support a finding of probable cause that Defendant was a felon in possession of a firearm. Docket No. 38 at 10-11. Specifically, Defendant submits that the affiant made two false statements: (1) Defendant had been convicted of two felonies; and (2) Defendant's child saw Defendant with a gun on June 30, 2018. *Id.* at 9. Further, Defendant submits that the affiant's failure to include the "SIS" designation in his testimony constitutes a misleading omission. *Id.* at 8. Moreover, Defendant submits that, if Judge Goodman had known that the imposition of sentencing for Defendant's Missouri offenses had been suspended and that the Defendant's child did not report seeing Defendant with a firearm on June 30, 2018, then he would not have found probable cause to issue the search warrant for evidence of the crime of felon in possession of a firearm. *Id.* at 10. The United States, in response, submits that the affiant's testimony does not contain any erroneous statements or misleading omissions, and, in the alternative, any erroneous statements or omissions are not material. Docket No. 43 at 7-8; Docket No. 53 at 4.

#### A. **Veracity of Officer Jenkins' Statements**

As a threshold matter, Defendant's motion is premised on the idea that Officer Jenkins' testimony contained at least one false statement. The Court first analyzes the affiant's statement regarding Defendant's Missouri offenses.

The Court finds that Defendant's Missouri offenses could not constitute predicate offenses under federal gun control statutes. *See, e.g.*, *United States v. Solomon*, 826 F. Supp. 1221 (E.D. Mo. 1993) (holding that, under federal gun control statutes, conviction of a predicate offense is defined by the law of the jurisdiction in which the underlying proceedings were held); *Yale v. City of Independence*, 846 S.W.2d 193 (Mo. 1993) (holding that under Missouri law, suspended imposition of sentence does not constitute a conviction). However, the Court finds that Defendant's Missouri offenses could constitute predicate offenses under state gun control statutes. *See, e.g.*, *State v. Pollard*, 44 P.3d 1261 (Kan. 2002) (holding that Kansas law—not the law of the jurisdiction in which the underlying proceedings were held—defines "prior conviction" for purpose of Kansas gun control laws); *State v. Howard*, 339 P.3d 809 (Kan. Ct. App. 2014) (holding that a guilty plea for a predicate offense—regardless of whether imposition of sentencing is suspended—constitutes a prior conviction for purposes of Kansas gun control laws). Here, the Court finds that the appropriate analysis is whether probable cause existed to believe that Defendant was in violation of Nevada gun control laws—not federal gun control laws—because the search warrant was issued by a state judge at the request of municipal law enforcement for an investigation regarding a Nevada crime.

Under Nevada law, a person may not possess a firearm if that person "[h]as been convicted of a felony…unless the person has received a pardon…" Nev. Rev. Stat. § 202.360(b). Nevada law does not explicitly define "conviction." *See* Docket No. 52 at 2; Docket No. 53 at 2. However, when a statute's language is unambiguous, courts are to give the language its plain meaning. *See Slade v. Caesar's Entm't Corp.*, 373 P.3d 74, 75 (Nev. 2016). Black's Law Dictionary defines "conviction" to include "the state of having been proved guilty," and "found guilty" as "a court's acceptance of a plea of guilty…" *Conviction*, Black's Law Dictionary (11th ed. 2019); *Found*

*Guilty*, Black's Law Dictionary (11th ed. 2019). Further, Nevada's Attorney General authored an opinion that, under Nevada law, "felons—even felons who have had their convictions set aside…cannot possess firearms…." Op. Atty. Gen. Opinion No. 2015-05 (September 21, 2015), 2015 WL 9589877. Thus, the Court finds that, in Nevada, the affiant's statement that Defendant had been convicted of two felony offenses in Missouri—even though the convictions were set aside—was not erroneous.

Defendant next argues that the affiant made a false statement because D.S. did not report to police that Defendant was in possession of a firearm on June 30, 2018. Docket No. 38 at 4-5. The Court finds that, although D.S.'s written statement does not allege that Defendant possessed a gun on June 30, 2018, the affiant's written report evidences that D.S. orally disclosed this information during a subsequent interview with a different officer. *Compare* Docket No. 38-3 *and* Docket No. 43-8 at 3. Therefore, the Court finds that Defendant has failed to make the substantial preliminary showing that the affiant made false statements, as required by *Franks*.

**B.     Intentionally or Recklessly False Statements or Misleading Omissions**

Alternatively, the United States submits that, even if the affiant's statement regarding Defendant's prior convictions was erroneous, the affidavit did not contain recklessly false statements or misleading omissions. Docket No. 43 at 7-10. Defendant submits that Officer Jenkins was reckless because he did not investigate the meaning of "SIS" on Defendant's criminal history report, nor did he include the "SIS" designation in his testimony to Judge Goodman. Docket No. 38 at 5-9.

An officer's statements may be recklessly false if the officer relies on stale, controverted information. *United States v. Chesher*, 678 F.2d 1353, 1360-61 (9th Cir. 1982). However, negligence is insufficient to establish that an officer lied intentionally or with a reckless disregard

for the truth. *United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988). Recklessness requires that the affiant have a high degree of awareness that the affiant's statement is probably false. *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998). Moreover, the defendant must offer detailed proof to support an allegation of recklessness; mere conclusory allegations are insufficient. *United States v. Young Buffalo*, 591 F.2d 506, 509 (9th Cir. 1979).

In, *Chesher*, for example, an affiant's statement that a suspect was a current member of the Hell's Angels was reckless. *Chesher*, 678 F.2d at 1360-61. The Ninth Circuit reasoned that the affiant was reckless because the affiant knowingly relied on four-year old information despite updated information being quickly available that showed the Hell's Angels expelled the suspect years ago. *Id.* In *Dozier*, however, an affiant was not reckless when the affiant falsely swore that a suspect had a record of convictions for drug violations. *Dozier*, 844 F.2d at 705. Because the affiant could not properly read the state criminal report, the officer was unaware that the suspect was not convicted of the reported criminal charges. *Id.* Thus, the Ninth Circuit determined that the erroneous statement was merely the product of negligence. *Id.*

Here, the Court finds that Officer Jenkins was not reckless, even if his statement regarding the prior felonies was erroneous, because Officer Jenkins' statement, like the affiant's statement in *Dozier*, is merely the product of negligence. Although Officer Jenkins is generally familiar with state criminal reports, he did not properly comprehend Defendant's criminal history report. In order to know that Defendant may not be a felon—despite the "GUILTY – SIS" designation for felony charges listed on the criminal report—an officer would need to be familiar with Missouri criminal law, and Officer Jenkins was not familiar with Missouri criminal law. Further, Officer Jenkins can be distinguished from the affiant in *Chesher* because Officer Jenkins did not knowingly rely on outdated information; the NCIC report was current. Moreover, the Court finds

8

that Defendant has not sufficiently established that Officer Jenkins consciously disregarded a substantial and unjustifiable risk that Defendant had not been convicted of the crimes listed on his NCIC report.[2] Thus, the Court finds that Officer Jenkins' statement regarding Defendant's felony convictions, if erroneous, is attributable to negligence.

The Court further finds that Officer Jenkins' omission of the designation "SIS" is not reckless. An omission is reckless if an affiant reports less than the total story in order to manipulate the inferences a judge would draw. *Stanert*, 762 F.2d at 781. The affiant must provide enough facts that the judge can exercise independent judgment regarding probable cause. *United States v. Lefkowitz*, 618 F.2d 1313, 1316 (9th Cir. 1980). Although the defendant does not have to provide clear proof prior to an evidentiary hearing, the defendant must make a substantial preliminary showing that the omitted fact permitted a technically true statement in the affidavit to be misleading. *Stanert*, 762 F.2d at 781.

In *Stanert*, for example, an officer's affidavit swore that a suspect had been arrested for prior drug offenses and that a drug lab had previously exploded in the suspect's home. *Stanert*, 762 F.2d at 778. The officer, however, omitted that (a) the prior arrests did not result in convictions; and (b) the suspect did not live at the home until after the drug lab exploded. *Id.* at 781. The court reasoned that the officer's omissions were reckless because they manipulated the judge's inference that the suspect had a criminal history of manufacturing drugs. *Id.*

---

[2] Defendant's argument that Officer Jenkins was "required to inquire about the 'SIS' designation from a supervisor" may be a valid argument to establish negligence. Docket No. 38 at 8. But recklessness—not negligence—must be established, and Defendant fails to cite any facts to show that Officer Jenkins consciously disregarded the risk that the statements in his affidavit may be false.

In *Lefkowitz*, however, an affiant's omission that a confidential witness was the suspect's estranged wife was not reckless. *Lefkowitz*, 618 F.2d at 1317. Although the identity of the witness could have permitted the judge to infer that the witness was motivated by spite or vengeance, the court found that the judge likely would have nevertheless found the witness to be credible because the witness provided firsthand and highly detailed information. *Id.* at 1316-17. The court reasoned that the omission did not manipulate the judge's inference of probable cause because the affiant provided sufficient information to establish the witness' credibility and, therefore, probable cause that the suspect was engaged in tax fraud. *Id.* at 1316.

Here, Officer Jenkins' affidavit, like the affidavit in *Lefkowitz*, omitted a fact that could have resulted in additional scrutiny from the judge. However, the Court finds that Defendant has failed to make a substantial preliminary showing that Officer Jenkins omitted facts that he knew were countervailing. The affidavit instead demonstrates that Officer Jenkins did not understand the significance of the SIS designation and, therefore, did not understand that the designation undermined his assertion that Defendant is a felon.[3] The Court finds that Defendant has not made a substantial preliminary showing that the omission permitted a technically true statement to be misleading. Further, Defendant has not produced any evidence that the Nevada state judge would have understood the significance of the SIS designation—a nuance of Missouri law—had the designation been included in the affidavit. Thus, the Court finds that the omission did not manipulate the judge's inference of probable cause that Defendant was a felon in possession of a firearm.

---

[3] In fact, the United States made the same mistake when it presented the initial indictment to the grand jury. *See* Docket No. 1.

10

For the above reasons, the Court finds that Defendant fails to meet the first prong of the *Franks* test. Accordingly, his request for a *Franks* hearing fails.

**ORDER AND RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

**IT IS ORDERED** that Defendant's request for a *Franks* hearing is **DENIED**.

**IT IS RECOMMENDED** that Defendant's motion to suppress evidence, Docket No. 38, be **DENIED**.

DATED: July 25, 2019.

										_____
										NANCY J. KOPPE
										UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).