# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff,

v.

Angelo Taylor,

    Defendant.

Case No.: 2:18-cr-00321-JAD-NJK

**Order Overruling Objections to Order and Report and Recommendation, Adopting Report and Recommendation in Part, and Denying Defendant's Motion to Suppress**

[ECF Nos. 38, 54, 55]

    Angelo Taylor stands charged with unlawfully possessing a firearm after having been convicted of a misdemeanor crime of domestic violence.[1] Taylor moves to suppress the firearm and ammunition found as a result of a search of his home, arguing that Police Officer Aaron Jenkins deliberately misled the reviewing judge, or acted with reckless disregard for the truth, when applying for the search warrant.[2] Magistrate Judge Nancy Koppe issued an order and report and recommendation denying a *Franks* hearing and recommending that I deny the motion to suppress.[3] Judge Koppe found that: (1) Jenkins's statement that Taylor had been convicted of two felonies was not erroneous because Taylor's "suspended[-]imposition[-]of[-]sentence" dispositions in Missouri were predicate offenses under Nevada law; (2) alternatively, Jenkins's claim that Taylor had been convicted of two felonies did not include any recklessly false statements; and (3) Jenkins's statement that Taylor's daughter reported that Taylor was in possession of a firearm on the day of the search was not erroneous.[4] Taylor objects to the first

---

[1] ECF No. 27.
[2] ECF No. 38.
[3] ECF No. 54.
[4] *Id.*

two findings, arguing that Nevada looks to the law of the adjudicating state when determining whether a disposition is a conviction and that Jenkins acted with reckless disregard as to whether Taylor's suspended-imposition-of-sentence dispositions were convictions within the meaning of Nevada's felon-in-possession statute.[5] Because I agree with Judge Koppe that Jenkins did not make a recklessly false statement in his application for the search warrant, I adopt in part Judge Koppe's report and recommendation and deny Taylor's motion to suppress.

**Background**

Jenkins applied to Judge Eric Goodman for a telephonic search warrant on June 30, 2018.[6] In support of probable cause that Taylor was unlawfully in possession of a firearm after having been convicted of a felony, Jenkins said that Taylor had been convicted in 2009 of two felonies in Kansas City, Missouri.[7] Jenkins learned of the prior offenses from Taylor's National Crime Information Center report, which listed the "disposition" for the two offenses as "GUILTY - SIS."[8] On another page, the NCIC report cautioned that "suspended imposition of sentence dispositions are not convictions and are closed records when probation is completed or finally terminated."[9] The report did not explain that "SIS" meant "suspended imposition of sentence."[10] Judge Goodman issued the search warrant,[11] and the subsequent search produced a firearm and ammunition.[12]

---

[5] ECF No. 55.
[6] ECF No. 38-1 at 2.
[7] *Id.* at 6.
[8] ECF No. 38-4 at 5–6.
[9] *Id.* at 4.
[10] *Id.* at 4–6.
[11] ECF No. 38-1 at 5.
[12] ECF No. 38 at 3.

2

Taylor was initially charged with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[13] After he moved to dismiss the indictment on grounds that his suspended-imposition-of-sentence dispositions were not felony convictions, the grand jury returned a superseding indictment charging Taylor with unlawfully possessing a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). Taylor now moves to suppress the firearm and ammunition, arguing that the search warrant was unlawfully obtained because, among other reasons, Jenkins told Judge Goodman that Taylor had been convicted of two felonies.[14]

## Discussion

When a magistrate judge provides findings and recommendations in a criminal case, the district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[15] Local Rule IB 3-2(b) only requires de novo consideration of specific objections. The standard for reviewing unobjected-to sections is left to the district judge's discretion.[16]

The Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[17] Although a duly issued warrant is presumed valid, under *Franks v. Delaware*, a defendant may obtain an evidentiary hearing to

---

[13] ECF No. 1.

[14] ECF No. 38.

[15] Fed. R. Crim. P. 59(b)(3).

[16] *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (emphasis in original) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

[17] U.S. Const. Amend. IV.

3

ascertain whether it was supported by probable cause.[18] To obtain a *Franks* hearing, the defendant must make a preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.[19] "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof."[20] "Mere negligence in checking or recording the facts relevant to a probable-cause determination is not sufficient to warrant a *Franks* hearing."[21] "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively."[22]

### I. Taylor has not made a preliminary showing that Officer Jenkins's affidavit included recklessly false statements.

Magistrate Judge Koppe found that Jenkins was not reckless about the truth of his claim that Taylor had been convicted of two felonies.[23] Instead, Jenkins's statement was "the product of negligence" because he was not familiar with Missouri's criminal law and the meaning of the "GUILTY – SIS" designation.[24] Taylor objects, pointing out for the first time that the NCIC report separately cautions that "suspended imposition of sentence dispositions are not convictions and are closed records when probation is completed or finally terminated."[25]

---

[18] *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).
[19] *Id.*
[20] *United States v. Craighead,* 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted).
[21] *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987) (quotation omitted).
[22] *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (citation omitted).
[23] ECF No. 54 at 8.
[24] *Id.*
[25] ECF No. 38-4 at 4.

I agree with Judge Koppe that Taylor fails to make a preliminary showing of recklessness. I have "discretion, but [am] not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."[26] But because of its importance, I consider Taylor's newly-raised argument that the NCIC report cautioned Taylor on the meaning of the "GUILTY – SIS" designation. Even assuming that Jenkins read the warning, which appeared on a separate page, the warning still required him to make the logical step that "SIS" meant "suspended imposition of sentence." Jenkins's failure to make that step is consistent with negligence, not recklessness, because the plain language of the report did not define "SIS." In *United States v. Dozier*, the Ninth Circuit affirmed the lower court's finding that a police officer's failure to read a defendant's rap sheet properly amounted to negligence, not recklessness.[27] As in *Dozier*, Jenkins's statement was merely negligent because he failed to comprehend the NCIC report and SIS designation. The parties' mutual failure to recognize the warning in the NCIC report until this late stage reinforces my conclusion that Jenkins's error was not reckless. So I overrule Taylor's objections to Judge Koppe's finding that Jenkins did not make a recklessly false statement, and I adopt that section of her report and recommendation.

**II. I do not adopt Judge Koppe's conclusion that Jenkins's statement was accurate.**

Because I adopt Judge Koppe's conclusion that Jenkins's statement was not recklessly made, I do not address and do not adopt her alternative conclusion that Jenkins's statement to Judge Goodman was accurate because Taylor's suspended-imposition-of-sentence dispositions are felony convictions for purposes of Nevada's felon-in possession statute. But I do adopt Judge Koppe's unobjected-to conclusion that Jenkins's statement that Taylor was seen with a

---

[26] *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

[27] *United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988).

firearm on the day the warrant issued was not erroneous. Because Taylor has not made a preliminary showing that Jenkins made any intentionally or recklessly false statements in support of his application for a search warrant, I deny the motion to suppress the firearm and ammunition that were found as a result of the search.

**Conclusion**

IT IS HEREBY ORDERED that Taylor's objections **[ECF No. 55]** to Magistrate Judge Koppe's order and report and recommendation **[ECF No. 54] are OVERRULED**.

IT IS FURTHER ORDERED that the report and recommendation **[ECF No. 54] is ADOPTED in part.** Taylor's motion to suppress **[ECF No. 38] is DENIED.**

Dated: October 15, 2019

_____
U.S. District Judge Jennifer A. Dorsey