# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Angelo Taylor,

    Defendant

Case No.: 2:18-cr-00321-JAD-NJK

**Order Denying Motion for Breach of Plea Agreement**

[ECF No. 89]

Defendant Angelo Taylor, proceeding pro se, brings a "motion for breach of plea agreement reconsideration" in this closed criminal case. Taylor argues that his federal plea agreement contemplated that he would receive credit for time served and that his federal sentence would run concurrent with his yet-to-be-imposed state sentence, but he didn't ultimately receive that benefit in state court. He thus contends that the state court's later refusal to award overlapping credit breached his plea agreement with the United States Attorney's Office (USAO), and he also appears to argue that his attorney in the state proceedings was ineffective.

The government responds that the motion is untimely, that there was no breach because the plea agreement bound only Taylor and the USAO—not the later-sentencing state court—and that any challenge to Taylor's state sentence or state counsel must be brought, if at all, in a properly exhausted attack on his state custody. Because the state court's later credit decision was not a breach of this federal plea agreement by the United States, I deny the motion.

**Discussion**

Taylor pled guilty to possession of a firearm under a written plea agreement with the USAO in which the parties agreed to recommend that he receive time-served credit from June 30, 2018, and that his federal sentence run concurrent with his yet-to-be-imposed state sentence.[1] But that same agreement also states that it binds only Taylor and the USAO and "does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities."[2] So Taylor's theory fails at the outset because even if the state court declined to structure its sentence in the way Taylor wanted, that would not establish that the USAO breached this federal plea agreement.

The sentencing record that Taylor relies on does not change that conclusion. As Taylor points out, the federal sentencing transcript reflects that I understood he was in state custody and appearing in federal court on a writ, recognized that he had been in custody since 2018, and imposed a time-served sentence to account for that custody and to effectuate the parties' agreement from the federal side.[3] So the sentence Taylor received from this federal court was consistent with the bargain he made with the USAO. But the state court was not contractually bound by that deal or to impose a similar sentence. The transcript of the later state-court proceedings shows that the state judge rejected his request for a time-served sentence because that court understood the federal time-served sentence to have already used those days as

---

[1] ECF No. 66; ECF No. 89 at 25.

[2] *Id.*

[3] ECF No. 81 at 14–21.

punishment for the federal offense, so awarding them again in full in state court would amount to "double dipping."[4]

Nor can Taylor obtain relief here on his assertion that his state attorney was ineffective. As the government notes, Taylor is in state custody, not federal custody, and any challenge to the validity of his state sentence or the performance of his state counsel must be made in the state system; not in this closed federal criminal case. So that argument provides no basis for relief on this record either.[5]

## Conclusion

IT IS THEREFORE ORDERED that Taylor's motion for beach of plea agreement and reconsideration **[ECF No. 89] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 10, 2026

---

[4] *See* ECF No. 89 at 79–83; *United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that Congress made clear that a defendant may not receive double credit for detention time).

[5] Without identifying any authority itself, the government also argues that the motion "appears to be time-barred," ECF No. 91 at 2, because Taylor filed it nearly six years after judgment was entered. I do not address this timeliness issue, however, because the motion fails on its merits.